her to 11 months in prison. On appeal, Pearson contends that (1) the district court abused its discretion by revoking her supervised release without granting her request for a continuance to receive a mental health evaluation, and (2) her 11–month sentence is plainly unreasonable.

■ We review the revocation of a term of supervised release for abuse of discretion. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir.2010). We also review a denial of a request for a continuance for an abuse of discretion. *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir.2009). The district court's denial of Pearson's last-minute request for a continuance so that she could obtain suggestions for treatment of her kleptomania was neither arbitrary nor capricious, and Pearson cannot demonstrate substantial prejudice because she admitted to violating the conditions of her supervised release. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009); *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir.1999); *United States v. Peden*, 891 F.2d 514, 519–20 (5th Cir.1989).

■ Sentences imposed following revocation of supervised release are reviewed under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir.) (suggesting similarity to "plain error" review), *cert. denied*, —— U.S. ——, 132 S.Ct. 496, 181 L.Ed.2d 345 (2011). Pearson's contention that the district court erred by sentencing her to 11 months in prison because the shoplifting violation carried only a six-month maximum sentence is without merit.

The district court did not commit any procedural errors when calculating Pearson's sentence because it considered the appropriate 18 U.S.C. § 3553(a) sentencing factors, as well as the nonbinding policy statements of Chapter Seven of the Sentencing Guidelines. *See* 18 U.S.C. § 3583(e); *United States v. McKinney*,

520 F.3d 425, 427–28 (5th Cir.2008). As Pearson's underlying offense of conspiracy to possess and pass counterfeit money was a Class D felony, the maximum statutory sentence that could be imposed on revocation of her supervised release was two years. § 3583(e)(3). As her shoplifting offense was a Class C violation and her criminal history category was III at the time of her original sentence, Pearson's guidelines range of imprisonment on revocation of her supervised release was five to 11 months. *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4. The district court did not abuse its discretion by sentencing Pearson to a within-statutory, within-guidelines sentence of 11–months in prison. *See Miller*, 634 F.3d at 843; *McKinney*, 520 F.3d at 427–28. The judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Antonio ARROYO–JURADO,**
**Defendant–Appellant.**

**No. 11–50750**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 19, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.